IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC WANJIKU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-214-R |
| | ) |
| IMMIGRATION AND CUSTOMS | ) |
| ENFORCEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's pro se Motion to Recuse [Doc. No. 14] requesting that the undersigned recuse from this case.

Pursuant to 28 U.S.C. § 455, judicial recusal is required when the judge's "impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party." The inquiry requires consideration of whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Under this test, recusal is not warranted merely on the basis of adverse rulings or attempts at courtroom administration:

> Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification. Likewise, a judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune

from charges of bias and partiality. Although a judge's remarks during the course of a trial may be critical, disapproving, or hostile to a party, usually they will not support a partiality charge.

*United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citations, quotation marks, and brackets omitted). Importantly, "[j]udges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols*, 71 F.3d at 351).

Here, Plaintiff seeks recusal because the undersigned was assigned to his criminal case and made certain statements at his sentencing hearing. However, these "ordinary efforts at courtroom administration" are simply insufficient to support a charge of bias. Although Plaintiff makes conclusory assertions about the Court's "hostility" or "animosity," he has failed to present any factual basis that would cause a reasonable person to question whether bias, prejudice or impartiality exists.

Plaintiff's Motion to Recuse [Doc. No. 14] is therefore DENIED.

IT IS SO ORDERED this 21st day of August, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE