IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC WANJIKU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-214-R |
| | ) |
| IMMIGRATION AND CUSTOMS | ) |
| ENFORCEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's pro se Motion to Reconsider [Doc. No. 21] seeking reconsideration of this Court's prior order [Doc. No. 20] denying his Motion to Recuse [Doc. No. 14].

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Indeed, "[a] motion to reconsider is not a second opportunity for the losing party

to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), aff'd, 245 F.3d 1203 (10th Cir. 2001)

Plaintiff points to no intervening change in the law, new evidence, or clear error that would warrant reconsideration of the Court's prior order. Instead, he rehashes his prior argument and again seeks recusal based on adverse rulings in his other cases and unsupported assertions regarding the Court's bias. However, neither "adverse rulings" nor "ordinary efforts at courtroom administration" are sufficient to support a charge of bias. *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005).

Because Plaintiff has failed to provide sufficient grounds to warrant reconsideration and, additionally, has failed to present any factual basis that would cause a reasonable person to question whether bias, prejudice or impartiality exists, his Motion to Reconsider [Doc. No. 21] is DENIED.

IT IS SO ORDERED this 23rd day of September, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE