# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICK WANJIKU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-214-R |
| ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, et al., ) | |
| ) | |
| Respondent(s). ) | |

## REPORT AND RECOMMENDATION

Petitioner, a *pro se*[1] federal prisoner, has filed a Petition for a Writ of Mandamus under 28 U.S.C. § 1361. (Doc. 1).[2] The Petition was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (Doc. 4). Before the Court are Respondents' Motion to Dismiss, (Doc. 18), along with Petitioner's Response, (Doc. 19); Petitioner's Motion requesting an in-camera hearing, (Doc. 11); and Petitioner's Motion to Expedite Petition, (Doc. 13). For the reasons stated below, the undersigned recommends that the Motion to Dismiss (Doc. 18) be **GRANTED** and the

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**. Furthermore, it is recommended that Petitioner's pending Motions (Docs. 11, 13) be **DENIED AS MOOT.**

## I.   Background

Petitioner alleges that he is a lawful permanent resident of the United States. (Doc. 1, at 1). On November 18, 2021, in the Tulsa County District Court, a jury convicted Petitioner of one count of assault and battery – domestic – by strangulation, and Petitioner was subsequently sentenced to three years in state prison. Tulsa County District Court, Case No. CF-2019-4181.[3] Petitioner was released from state custody on May 8, 2023. (Doc. 1, at 1); *see also* OK DOC#: 2002705, Oklahoma Department of Corrections OK Offender.[4] Petitioner alleges that upon his release, he was "immediately arrested by ICE [U.S. Immigration and Customs Enforcement] without probable cause or the accompanying warrant." (Doc. 1, at 1). He alleges that ICE agents "used illegal force," which "prompted the petitioner to defend himself," and that ICE then issued a detainer. (*Id.*)

In a federal criminal complaint filed on May 9, 2023, a special agent with Homeland Security Investigations stated that on May 8, 2023, Petitioner kicked one Deportation

---

[3]   https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2019-4181 (last visited Oct. 28, 2024). The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state and federal criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[4]   https://okoffender.doc.ok.gov/ (last visited Oct. 28, 2024).

2

Officer and bit another Deportation Officer at the ICE Enforcement and Removal Operations office in Oklahoma City. *United States v. Wanjiku*, Case No. 23-CR-227-R (W.D. Okla), at Doc. 1. Petitioner was then charged by indictment with two counts of assault on a federal officer, *id.* at Doc. 17, and was convicted by a jury on both counts on August 15, 2023, *id.* at Docs. 50, 97. Petitioner was sentenced to thirty-six months of imprisonment on each count, with the terms to be served concurrently. *Id.* at Doc. 97. Petitioner is currently serving these terms in the custody of the Federal Bureau of Prisons at United States Penitentiary, Pollock. BOP Register Number: 58269-510, Federal Bureau of Prisons Inmate Locator.[5]

Since the initiation of his federal criminal charges in 2023, Petitioner has filed four causes of action in this Court. Petitioner first filed a Petition for a Writ of Mandamus challenging an ICE detainer that was issued on March 17, 2023. *Wanjiku v. Dep't of Homeland Sec.*, Case No. CIV-23-464-R (W.D. Okla.), at Doc. 1. The Court dismissed the Petition for lack of subject matter jurisdiction because ICE had already lifted the detainer. *Id.* at Docs. 15, 18. Petitioner next filed a Petition for a Writ of Habeas Corpus challenging his federal indictment, and the Court dismissed the Petition, stating that the matter should be addressed in Petitioner's criminal case. *Wanjiku v. United States*, Case No. CIV-23-597-R (W.D. Okla), at Docs. 1, 5. Petitioner then filed a Petition for a Writ of Habeas Corpus challenging the ICE detainer issued on May 9, 2023, but the Court dismissed the Petition because Petitioner was not in custody pursuant to the ICE detainer.

---

[5] https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2024).

*Wanjiku v. Immigr. & Customs Enf't*, Case No. CIV-23-765-R (W.D. Okla.), at Docs. 1, 14, 16. Petitioner next filed the instant Petition for a Writ of Mandamus under 28 U.S.C. § 1361. (Doc. 1).

## II.    The Petition

In the Petition, Petitioner states that he is a "legal permanent resident per 8 U.S.C. § 1101(a)(20)" and challenges an ICE detainer issued on or about May 8, 2023, ("the May 2023 detainer").[6] (Doc. 1, at 1-2). Petitioner alleges that "ICE agents violated the ICE directive 10089.1 when they used force to obtain a thumbprint signature for service of documents" and that the May 2023 detainer "violat[es] Petitioner's right to due process guaranteed by the 5th and 14th amendment[s]." (*Id.*) Petitioner alleges that because of the May 2023 detainer, he has been denied "pre-trial, post-trial, and release pending appeal per the Bail Reform Act." (*Id.* at 2). For relief, Petitioner requests the Court to order Respondents to lift the May 2023 detainer, to "refrain from issuing another detainer pending the resolution of the state conviction and the federal conviction," and to return the Petitioner's Kenyan passport, which Respondents "illegally obtained from the state courts." (*Id.* at 2-3).

---

[6] In *Wanjiku v. Immigration and Customs Enforcement*, Case No. CIV-23-765-R (W.D. Okla.), both Petitioner and the Court reference a detainer issued on May 9, 2023, which the undersigned construes to be the same detainer Petitioner challenges here. To avoid confusion, the undersigned will reference the challenged detainer as the "May 2023 detainer."

4

### III.     The Court Should Grant Respondents' Motion to Dismiss.

In their Motion to Dismiss, Respondents argue that the Petition should be dismissed because ICE is entitled to sovereign immunity, (*see* Doc. 18, at 8-9), the Court does not have mandamus jurisdiction, (*see id.* at 9-12), Petitioner fails to state a claim, (*see id.* at 12-14), and Petitioner's claims fail on the merits, (*see id.* at 14-15). The undersigned agrees with Respondents that the Court does not have subject matter jurisdiction over the Petition and thus does not reach Respondents' remaining arguments for dismissal.

#### A.     Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (internal quotation marks omitted). "If the motion challenges only the sufficiency of a plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the factual allegations as true." *White v. United States*, No. CIV-

16-1265-D, 2017 WL 4681796, at *1 (W.D. Okla. Oct. 17, 2017) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "As the party asserting federal jurisdiction, Plaintiff bears 'the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof.'" *Id.* (quoting *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002)).

> B.      **The Court Does Not Have Subject Matter Jurisdiction Over the Petition.**

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Eligibility for mandamus relief requires a petitioner to establish that (1) he or she has a clear right to relief; (2) the respondent has a "plainly defined and peremptory" duty to perform the act in question; and (3) no other adequate remedy is available. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). The act in question must be clearly nondiscretionary, as "the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). However, if an act involves an exercise of discretion *within limits*, an officer "may be controlled by injunction or mandamus to keep within [those limits]." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005) (quoting *Work v. United States ex rel. Rives,* 267 U.S. 175, 177 (1925)).

"[T]he question of whether a particular act is discretionary or ministerial rises to the jurisdictional level." *Marquez-Ramos*, 69 F.3d at 479; *see also Butler v. Haaland*, 2023 WL 8704711, at *4 (N.D. Okla. Dec. 15, 2023) (dismissing claim seeking mandamus relief under § 1361 for lack of subject matter jurisdiction because "[the petitioner's] factual

6

allegations, even taken as true, do not plausibly allege that Respondents owe him any nondiscretionary duty"). In determining whether mandamus jurisdiction is present, a court must take as true allegations in the petition that are not patently frivolous "to avoid tackling the merits under the ruse of assessing jurisdiction." *Carpet, Linoleum & Resilient Tile Layers, Loc. Union No. 419, Bhd. of Painters & Allied Trades, AFL-CIO v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).

Here, Petitioner requests the Court to order Respondents to lift the May 2023 detainer and refrain from issuing another detainer until Petitioner's post-conviction actions relating to his state and federal convictions are resolved. (Doc. 1, at 2). The existence of the detainer, Petitioner alleges, disallows him from exercising his due process rights guaranteed him by the Fifth and Fourteenth Amendments. (*Id.*) Petitioner also requests the Court to order the return of his Kenyan passport. (*Id.* at 2-3). Respondents argue that Petitioner has failed to meet his burden of pleading sufficient facts to plausibly allege that Respondents owe him a "ministerial, clearly defined, and peremptory duty" to perform those actions, leaving the Court without mandamus jurisdiction. (Doc. 18, at 11-12). The undersigned agrees.

An ICE detainer "serves [] as a notice to federal prison authorities that [ICE] is going to be making a decision about the deportability of [an] alien in the future." *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). Petitioner has provided no federal legal authority – and the undersigned is not aware of any – stating that ICE agents have a nondiscretionary duty to lift a detainer and to refrain from reissuing one until the

7

conclusion of a prisoner's post-conviction proceedings. Petitioner's broad and conclusory allegations that the May 2023 detainer violates his Fifth and Fourteenth Amendment due process rights, (*see* Doc. 1), and that such a "non-discretionary ministerial duty to act and remove the premature detainer . . . is so plainly prescribed by the law that it is free from any doubt," (Doc. 19, at 4), do not suffice. *See Schoenrogge v. Brownback*, 255 F. App'x 307, 308 (10th Cir. 2007) (holding that a generalized assertion of constitutional violation is not an adequate basis for a mandamus action). In the United States District Court for the District of Colorado, the court dismissed as frivolous a state prisoner's writ of mandamus challenging an ICE detainer because the petitioner had "not presented the Court with an extraordinary situation mandating mandamus relief," noting that the petitioner was "not currently in ICE custody, he [had] no clear right to the relief sought, and the named defendants [did] not owe him a clear nondiscretionary duty." *Herrera v. Dep't of Homeland Sec.*, 2010 WL 1609978, at *2 (D. Colo. Apr. 20, 2010). The undersigned similarly finds that Petitioner has failed to state facts sufficient to plausibly allege that Respondents owe him a clear nondiscretionary duty to lift the May 2023 detainer and to refrain from reissuing another detainer.

      Petitioner has also failed to adequately allege that Respondents have a clear nondiscretionary duty to return to Petitioner his Kenyan passport, merely alleging that ICE "illegally obtained [his passport] from the state courts." (Doc. 1, at 3). Petitioner has provided no legal authority mandating that ICE agents return his passport to him while he is in federal custody and prior to removal proceedings. Because Petitioner has failed to sufficiently allege the existence of any nondiscretionary duties owed to him by

8

Respondents, this Court does not have subject matter jurisdiction over the Petition, and Respondents' Motion to Dismiss should be granted.

## IV.    Petitioner's Pending Motions Are Denied as Moot.

On May 15, 2024, Petitioner filed a Motion requesting an in-camera hearing. (Doc. 11, at 1). On June 22, 2024, Petitioner filed a Motion to Expedite Petition in which he requested the Court to "expedite this action for the interest of justice" and to "issue an injunction relief and a restraining order to the defendants pending the resolution of plaintiff's convictions" because the defendants "put a recommendation to the Bureau of Prisons (BOP) and requested that the plaintiff be placed in a high security prison." (Doc. 13, at 1). Because the undersigned recommends dismissal of the Petition in its entirety, Petitioners pending Motions (Docs. 11, 13) should be **DENIED AS MOOT.**

## V.    Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that Respondents' Motion to Dismiss (Doc. 18) be **GRANTED** and the Petition for a Writ of Mandamus under 28 U.S.C. § 1361 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.").

**The undersigned advises Petitioner of his right to object to this Report and Recommendation by November 19, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both

factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 29th day of October, 2024.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE