## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERICK GACHUHI WANJIKU,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-24-214-R** |
| | ) | |
| **IMMIGRATION AND CUSTOMS** | ) | |
| **ENFORCEMENT,  et al.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Petitioner Erick Gachuhi Wanjiku, proceeding *pro se*, filed a Writ of Mandamus [Doc. No. 1] requesting the Court order Respondents United States Immigration and Customs Enforcement, ICE Agent Curtis Fair, and ICE Agent Marion Kinnison to lift the detainer issued on May 8, 2023, and to refrain from issuing future detainers. *Id*. at p. 2. The matter was referred to United States Magistrate Judge Amanda Maxfield Green in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Judge Maxfield Green has issued a Report and Recommendation [Doc. No. 27] recommending that Respondent's Motion to Dismiss [Doc. No. 18] be granted and that Petitioner's Writ be dismissed without prejudice for lack of subject matter jurisdiction. Doc. No. 27 at p. 5.

Judge Maxfield Green advised Petitioner of his right to file an objection to the Report and Recommendation, as well as the consequence of waiver of appellate review to both factual and legal issues for failure to object. *Id*. at pp. 9-10. Petitioner did not file a response to the Report and Recommendation, and thus filed no substantive objections.

1

Instead, Petitioner filed a "Motion to Withdraw Petition" [Doc. No. 32], which requests to withdraw his Writ because he was never served with a copy of the detainer. *Id.* The Court interprets this filing as a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Because the Motion was filed before an answer or a motion for summary judgment[1], Petitioner has an absolute right to voluntarily dismiss his action. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."). Moreover, because Judge Maxfield Green's recommended adjudication was not based on the merits of Petitioner's Writ, the Court was divested of jurisdiction immediately upon the filing of the notice of voluntary dismissal. *See Swan v. Okla. City Police Dep't*, No. CIV-22-778-F, 2022 WL 17418014 (W.D. Okla. Dec. 5, 2022) (finding a report and recommendation moot after the plaintiff filed a notice of voluntary dismissal when the report and recommendation did not recommend an adverse adjudication on the merits); *see also Scott v. Province*, No. CIV-09-1306-D, 2010 WL 4880984, at *2 (W.D. Okla. Nov. 24, 2010) (denying the plaintiff's motion for voluntary dismissal after a report and recommendation recommended an adjudication on the merits prior to the plaintiff's filing);

The outcome would be the same if the Court did not reach the interpretation above. The Court reviewed the entirety of the Report and Recommendation, as well as the case

---

[1] A motion to dismiss does not qualify as an answer or motion for summary judgment under Rule 41(a)(1)(A)(i). *See Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) (citing *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011)).

record, and fully concurs in the Report and Recommendation finding that the Court lacks subject matter jurisdiction over Petitioner's Writ. Thus, even if the Report and Recommendation were not rendered moot by Petitioner's voluntary dismissal, the Court would have adopted the Report and Recommendation and dismissed the case without prejudice for lack of subject matter jurisdiction.

Therefore, because Petitioner's voluntary dismissal immediately divested the Court of jurisdiction, the Report and Recommendation is rendered MOOT. Petitioner's Writ is DISMISSED.

IT IS SO ORDERED this 27th day of November, 2024.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**